THE STATE, THE MIDDLESEX COMPANY AND TIMOTHY QUAID, PROSECUTORS, v. THE TRUSTEES OF SCHOOL DISTRICT NO. 37, MIDDLESEX COUNTY, AND JOHN A. DAVIS, SPECIAL CONSTABLE, DEFENDANTS.

1. By the act of 1880 (*Rev. Sup., p.* 929), a majority of the taxable residents of a school district are required to be present at a meeting and to vote on any proposition presented for building a school-house and providing land for that purpose.  *Point Pleasant Land Co.* v. *Trustees,* 18 *Vroom* 235, approved.

2. The certificate to be delivered to the assessor, under section 86 of the school law (*Rev., p.* 1085) must state what the notice given of the meeting was, when and where notices were put up, and contain all the facts necessary to show that the law had been complied with.

On *certiorari.*  In matter of taxation.

Argued at February Term, 1887, before Justices KNAPP and DIXON.

For the prosecutors, *J. Kearny Rice.*

For the defendants, *H. Brewster Willis.*

The opinion of the court was delivered by

KNAPP, J.   The prosecutors were taxed, in 1885, in school district No. 37, in the county of Middlesex, to pay for the purchase of lands and the building of a school-house in and for the said district.   They resist the tax because, at the school meeting called for the purpose of deciding upon the raising of moneys to purchase lands and build the school-house, a majority of taxable residents were not present and voting in favor of the resolution.   Second, because the voting at the school meeting was not by ballot.   Third, that the certificate of the clerk of the school district to the assessor was defective and insufficient to authorize the assessment to be taxed.

It is shown in the case that besides those who paid poll tax alone there were at least fifty-four residents in the district who paid taxes upon real or personal property, or both.   The proofs also show that not more than twenty persons were present at the meeting.   It is clear, as a fact, that less than a majority of the taxable residents of the district were present at the meeting.

By the first section of the act entitled " An act for building school-houses in townships," passed in 1880 (*Pamph. L., p.* 225), it is enacted " that from and after the passage of this act it shall be lawful for any school district of this state, at their annual meeting, to vote money to build a school-house as money is now voted for said school district under any existing law, and to provide land for that purpose, not exceeding five acres, at such place in the said school district as the school trustees thereof may designate, and for that purpose the said school trustees may acquire the said land by purchase or condemnation, provided a majority of the taxable residents of said school district shall be present at any meeting, as aforesaid, and shall vote on any proposition presented for the selection of a place and voting money as aforesaid."

It was ruled in this court, in the case of *Point Pleasant Land Company* v. *Trustees of School District No.* 16, *Ocean County*, 18 *Vroom* 235, that the act just cited so far modified the earlier provisions of the school law as to make the presence of a majority of the taxable residents of a district necessary to constitute a meeting with authority to vote money to buy lands for school purposes or to build a new school-house.

Under the authority of this case the tax upon the prosecutors cannot be sustained.

The third reason assigned sets forth ground sufficient for invalidating this tax.

By the eighty-sixth section of the school law (*Rev., p.* 1085) it is provided that in case any money shall be ordered by a vote of a majority, at any meeting in the district, to be raised by taxation, the district clerk shall make out and sign a certificate thereof, under oath or affirmation, and deliver the same to the assessor or assessors of the township or townships in which said district is situate, which said assessor or assessors shall assess on the inhabitants of said school district and their estates and the taxable property therein.

In the certificate presented to the assessor in this case it is stated that notice of the meeting at which the tax was ordered to be raised was given by the district clerk ten days before that meeting. It does not state how notice was given, whether by oral or written publication ; if in writing, how many notices were put up, nor in what places within the district. The act requires that notices setting forth the time, place and object of such meeting and the amount of money desired to be raised shall be given by the district clerk and set up in at least three public places within the district ten days before the day of meeting.

In the case of *State* v. *Hardcastle*, 2 *Dutcher* 143, it was held that a certificate stating that notice of school meeting was given " in accordance with the act " was not sufficient ; that the certificate should state what the notice was, when and where notices were put up, and all the facts necessary to show

that the law had been complied with. On the failure to so certify, an assessment was set aside. This judgment, for the same reason, was affirmed in the Court of Errors. 3 *Dutcher* 551.

The taxes to the prosecutors, for these reasons, should be set aside, with costs.